[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR A STAY
Plaintiff appeals from a decision of defendant Commissioner suspending plaintiff's motor vehicle operator's license for a period of 6 months under the provisions of section14-227b, Conn. Gen. Stats. (Revised to 1991). In connection with said appeal, plaintiff has requested that the court stay the suspension of her license pending the outcome of the appeal, and defendant objects to such stay.
The standard to be utilized in deciding whether to grant a stay pending an administrative appeal requires the court to consider a variety of factors, including: (1) the likely outcome of the appeal; (2) the irreparability of the harm to be suffered from immediate implementation of the agency order; (3) the effect upon other parties of a delay in implementing the suspension order; and (4) the public interest. Griffin Hospital v. Commission on Hospitals and Healthcare,196 Conn. 451, 458-459 (1985). In essence, the above factors must be considered by the court in its determination of the "balancing of the equities" test.
At the motor vehicle department hearing, the hearing officer determined: (1) the police officer had probable cause to arrest the plaintiff for DUI; (2) she was placed under arrest; (3) that plaintiff refused to submit to a blood alcohol test; and (4) that the plaintiff was operating the motor vehicle.
In his memorandum in opposition to this motion for stay, defendant contends that plaintiff has been accorded due process protection regarding the suspension of her motor vehicle operator's license, since she was provided with written notice concerning the basis for the suspension and an opportunity for a hearing to contest the suspension in accordance with the procedures set forth in the "contested case" provisions of the Uniform Administrative Procedure Act, and sections 14-227b-1
CT Page 7475 through 14-227b-29 of the Regulations of Connecticut State Agencies.
Plaintiff contends that she has been denied her due process rights in that she was deprived of her opportunity to cross-examine the arresting officer pertaining to her alleged refusal to submit to chemical analysis of her blood alcohol level. A subpoena had been served to require the police officer's presence at the motor vehicle department hearing and said officer failed to respond or appear at the hearing. In spite of the failure of the officer to appear for examination by plaintiff's counsel, defendant's hearing officer admitted the officer's report as a state exhibit and utilized the statements therein as the basis for finding that plaintiff refused to submit to a chemical analysis. The record indicates that plaintiff's 5 year old child was in the vehicle at the time plaintiff was placed under arrest, and plaintiff claims she was taken to police headquarters while the child was left alone in the vehicle.
It is plaintiff's contention that she was emotionally upset that her child was left alone in the vehicle and refused to take any tests until her child was brought to her, and that she would have taken the test after her child had been brought to her. The record and the police report are devoid of any mention of the child being left alone, and also are silent as to whether plaintiff was afforded the opportunity to take the test after her child was safely brought to her. The reason the record is devoid of such information is the failure on the part of the police officer to respond to the subpoena.
The court concludes that plaintiff's due process rights may well have been prejudiced, and that she has a reasonable opportunity to prevail on this appeal. Accordingly, the court grants plaintiff's motion for a stay of the suspension of her motor vehicle operator's license until this appeal is decided.
JOSEPH H. GOLDBERG SENIOR JUDGE